IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>$49,020.00 UNITED STATES CURRENCY,<br><br>Defendant. | Civil No. 8:19CV 413<br><br>**COMPLAINT FOR FORFEITURE *IN REM*** |

The United States of America, for its cause of action against the Defendant Property, pursuant to Rule G(2) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, states and alleges as follows:

**Nature of the Action**

1. This is an action to forfeit property to the United States for violations of 21 U.S.C. § 881.

**The Defendant *In Rem***

2. Law enforcement seized $49,020.00 U.S. currency (the Defendant Property) from a black 2018 Nissan Altima driven by Keyiana Moore on April 19, 2019, during a traffic stop on Interstate 80 near mile marker 388, in Lancaster County, Nebraska.

3. The U.S. Customs and Border Protection (CBP) currently has custody of the Defendant Property in Minneapolis, Minnesota.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture pursuant to 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action pursuant to 21 U.S.C. § 881.

5. This Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

## Basis for the Forfeiture

7. The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), which provides for the seizure and forfeiture of all money "furnished or intended to be furnished by any person in exchange for a controlled substance . . . in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys . . . used or intended to be used to facilitate any violation of this subchapter." 21 U.S.C. § 881(a)(6).

8. The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, 2) proceeds traceable to such an exchange, and/or 3) money, negotiable instruments and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

### Facts showing entitlement to relief

9. On Friday, April 19, 2019, Lancaster County Sheriff's Deputy Jason Henkel and Sergeant Jason Mayo, who are part of a joint bulk cash smuggling task force, were patrolling westbound Interstate 80 in Lancaster County Nebraska.

10. Deputy Henkel saw two rental vehicles traveling together at approximately 75 miles per hour with the second vehicle following too closely behind the first vehicle.

11. The second vehicle, a black 2018 Nissan Altima with Tennessee plates, was following the first vehicle at .5 seconds distance.

12. Deputy Henkel stopped the black Altima near mile marker 388 for following a vehicle too closely.

13. The driver, Keyiana Moore, was the sole occupant of the black Altima.

14. During the traffic stop, Moore showed Deputy Henkel her driver's license with an address in Milwaukee, Wisconsin, along with other identifying information, including her picture, height and weight. *See* license (redacted), attached as **Exhibit 1**.

15. Moore said that she was driving to California to visit a friend. Moore also said she was planning on returning to Wisconsin on Tuesday, April 23.

16. Moore told Deputy Henkel that the rental agreement for the Altima was in her phone.

17. Deputy Henkel saw that Moore had labored breathing and visible pulse, demonstrating that she was very nervous.

18. Moore said she did not have anything illegal or any large amounts of currency in the car.

3

19. Deputy Henkel asked Moore what she did for a living and she said she worked at Spectrum.

20. Moore used Deputy Henkel's computer in Henke's patrol car to log into her yahoo account and showed Deputy Henkel the rental agreement.

21. Deputy Henkel asked Moore if she was stopping anywhere, and she said no, she was only stopping for gas.

22. Deputy Henkel asked if she was stopping anywhere such as sleeping at a hotel or if she was planning on sleeping in the car. Moore nodded her head up and down that she would sleep in her car.

23. Moore was fidgeting with her hands, playing with her cellphone, and fidgeting with the rental key.

24. Moore's fidgeting indicated to Deputy Henkel that she was extremely nervous.

25. Moore said that everything in the Altima belonged to her.

26. Deputy Henkel asked if there were any large amounts of U.S. currency in the vehicle and she said no.

27. As Deputy Henkel and Moore talked, Moore was smiling.

28. Deputy Henkel asked if officers could search her vehicle.

29. Moore said she did not want to have her vehicle searched.

30. Deputy Henkel asked if would Moore mind if Sergeant Mayo (who had just arrived at the scene) could run his dog around the vehicle

31. Moore said, "Sure," regarding the dog sniff, nodding her had up and down.

32. Moore's smile then turned to a grimace facial expression.

4

33. Deputy Henkel asked Moore why she did not fly to California and she claimed it bothered her ears.

34. Deputy Henkel than asked Moore if she had flown before and she said no.

35. Deputy Henkel further inquired as to how she would know her ears pop if she had not flown before.

36. More claimed her daughter flies to Texas and told her that her ears pop.

37. Moore then claimed that she is scared to fly and that is why she does not fly.

38. Sergeant Mayo deployed the canine, Bolt, to conduct a sniff for narcotics around the vehicle. Bolt alerted and indicated to the odor coming from within the car.

39. Deputy Henkel and Sergeant Mayo searched the black Altima.

40. In the trunk of the black Altima, Deputy Henkel saw clothing on top of a suitcase.

41. Moving the suitcase, officers noticed the light weight of the suitcase.

42. Deputy Henkel believed such a lightweight suitcase was inconsistent with Moore's claimed travel plans.

43. Sergeant May opened the suitcase and found that it was empty except for a large amount of bundled U.S. currency packaged in plastic bags *See* photo of suitcase in trunk containing currency, attached as **Exhibit 2**.

44. The currency smelled strongly of marijuana.

45. In addition, officers could smell an overwhelming odor of marijuana emitting from inside the suitcase itself.

46. Also in the trunk, officers found a bag that contained only one set of women's clothing.

47. Deputy Henkel returned to his patrol car and advised Moore of her Miranda rights.

48. After waiving her rights, Moore continued to speak with Deputy Henkel.

49. Deputy Henkel asked Moore if it was her money and she said yes.

50. Deputy Henkel reminded Moore that he had asked her about money in the vehicle and that she had denied having money in the vehicle.

51. Moore responded saying that Deputy Henkel had asked if there was any *large* amounts of money.

52. Deputy Henkel asked how much money was in the car.

53. Moore laughed and said "a decent amount of money."

54. Deputy Henkel asked if she knew how much money was in the vehicle.

55. Moore claimed that the amount was, "maybe ten thousand."

56. Deputy Henkel countered, telling Moore that there is more than $10,000.

57. Moore then said there might be a little bit more (than $10,000).

58. Deputy Henkel again asked how much she thought was in the vehicle.

59. Moore then said "I didn't count it all."

60. When Deputy Henkel explained that, based on his experience and training, there appeared to be considerably more than $10,000.00 in the suitcase.

61. Moore shook her head up and down, looked toward the Altima, and said nothing.

62. Moore later asked if Deputy Henkel had counted the money.

63. Deputy Henkel again explained that based on the concealment and packaging of the money, including the clothes on top of the suitcase, the smell of marijuana on the currency and

suitcase, and his training and experience, he believed that the money was from the sale of narcotics.

64. Moore did not deny Henkel's statement, except to claim that she was drying her clothes (by placing them in the trunk on top of the suitcase).

65. The clothes found in the trunk of the black Altima on top of the suitcase were dry when officers searched the trunk and found the clothes and suitcase.

66. Moore later said she earned the money from stripping and that she drives "all over" and strips.

67. Moore also said she worked for Spectrum.

68. Moore than told Deputy Henkel that she was on medical leave from Spectrum and that is what she does for a living.

69. Deputy Henkel asked her where she stripped.

70. Moore said she strips in Milwaukee.

71. Moore then claimed she stripped in Chicago.

72. Moore then said she strips "all over."

73. Moore also said she stripped in California.

74. Moore said the odor of marijuana on the currency was from her smoking marijuana near the money.

75. Based on his training and experience, Deputy Henkel knows that for the currency to have that strong odor, it must have had direct contact with marijuana.

76. Deputy Henkel asked Moore if she claimed the money on her taxes.

77. Moore said she just claims money from stripping "at the end of the year."

78. Deputy Henkel attempted to explain that law enforcement was seizing the money and the Homeland Security Notice of Abandonment form.

79. Moore asked what she was supposed to use when she gets "out there."

80. Deputy Henkel asked her if she was referring to California and she said yes.

81. Deputy Henkel said that he thought she was just going to visit somebody. Moore said she planned to go shopping and that she has two kids.

82. Moore requested to speak to Deputy Henkel's supervisor so Henkel exited the car and Sergeant Mayo entered and sat in the driver's seat of Deputy Henkel's patrol car.

83. Moore told Sergeant Mayo that she might go to Vegas.

84. Sergeant Mayo asked Moore about putting money in a bank account, and Moore said, "I don't want them taking my money."

85. Sergeant Mayo questioned her on this statement and then she said, "well I'm an educator."

86. Sergeant Mayo then asked what is an educator and Moore then said, "it's a credit union."

87. During the search of the vehicle, Deputy Henkel found bank cards and a "load and go" credit card.

88. Due to the strong odor of marijuana, Deputy Henkel tested the currency for the presence of cannabis. The Mistral's test kit had have a positive result for cannabis. The currency must have had direct contact for the positive test result.

89. Officers seized the currency.

submission included a contention that the seized currency was a product of her lawful employment at "TNT Gentleman's Club, Concentrix, and Spectrum," but the submission did not include any substantiating documentation. The submission included the following statement: "the amount of money that I was travelling with was actually $50,000.00, not $49,020.00." In addition, the submission included a notarized document purporting to "convey 50% of [Moore's] interest in the $50,000.00 of United States Currency seized" to her attorney.

107. The Eighth Circuit and the District of Nebraska have found that a large sum of unexplained currency is "strong evidence" of a drug connection. *See, e.g., United States v. $63,530.00 in U.S. Currency*, 781 F.3d 949, 955 (8th Cir. 2015); *United States v. 64,640.00 in U.S. Currency*, 2007 U.S. Dist. LEXIS 39241, *15 (D. Neb. 2007).

108. The Eighth Circuit has stated that nearly $40,000 constitutes a "large amount of cash." *United States v. $39,873.00*, 80 F.3d 317, 319 (8th Cir. 1996).

### Claim for Relief

WHEREFORE the United States of America prays the Defendant Property be proceeded against for forfeiture in accordance with the laws, regulations and rules of this Court; that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that the Defendant Property be condemned, as forfeited, to the United States of America and disposed of according to law and regulations; that the costs of this action be assessed against the Defendant Property; and for such other and further relief as this Court may deem just and equitable.

UNITED STATES OF AMERICA, Plaintiff

JOSEPH P. KELLY
United States Attorney

By: s/ Amy B. Blackburn
Amy B. Blackburn (MO#48222)
Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, NE 68102-1506
Tel: (402) 661-3700
E-mail: amy.blackburn@usdoj.gov

12

## VERIFICATION

I, Andrew Vincik hereby verify and declare under penalty of perjury that I am a Special Agent Homeland Security Investigations (HSI) that I have read the foregoing Verified Complaint *in Rem* and know the contents thereof, and that the factual matters contained in paragraphs 7 through 107 of the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent with Homeland Security Investigations (HSI).

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated September 11th, 2019

Andrew Vincik
Special Agent
Homeland Security Investigations (HSI)

13





EXHIBIT 2



John S. Berry, P.C., L.L.O.
Andrew D. Strotman
Christopher M. Ferdico
Kathleen S. Pallesen
Chad J. Wythers
William Harris
Susan M. Napolitano
David Tarrell
F. Matthew Aerni
Justin B. Kalemkiarian
Jerusha L Hancock
Neely Fedde

**BERRY LAW**

6940 "O" St., Suite 400 · Lincoln, Nebraska 68510
Phone (402) 466-8444 · Fax (402) 466-1793
jsberrylaw.com

With offices in Omaha and Seward

Joseph J. Donnelly
Erik Fern
Cameron Kroeger
Stephani M. Bennett
Patricia Wenzl
Seth W. Morris
Hannah Carroll-Altman

John Stevens Berry Sr.
Suzanne D. McNamara
- Of Counsel -

June 18, 2019

U.S. Customs and Border Protection
ATTN: FP&F Officer
5600 American Boulevard West
Suite 760
Bloomington, MN 55437

RE: **Case Number:** 2019351200004401
**Property:** $ 49,020.00 U.S. Currency
**Asset Value:** $ 49,020.00
**Seizure Date:** 04/19/2019
**Seizure Place:** In the vicinity of Mile Marker 391, Interstate 80, Lancaster County, Nebraska
**Owner Name:** Moore, Keyiana
**Seized From:** Moore, Keyiana
**Judicial District:** District of Nebraska

REC'D FP&F
JUN 19 2019
Customs & Border Protection
Minneapolis, MN

## CLAIM OF INNOCENT PROPERTY OWNER

To whom it may concern:

Please find enclosed a Claim of Innocent Property Owner signed and executed by Keyiana Moore.

Respectfully submitted,
Keyiana Moore

John S. Berry
Attorney at Law

JB/crh
Enclosures:   Election of Proceedings – CAFRA Form
              CAFRA Seized Asset Claim Form
              Claim of Innocent Property Owner Contesting Forfeiture
              Assignment
cf: Keyiana Moore

**EXHIBIT 3**

06/18/2019 12:05PM FAX 4143543    -UPS                                                        ☒ 0006/0006

## ELECTION OF PROCEEDINGS - CAFRA FORM

NOTE: READ THE ATTACHED NOTICE OF SEIZURE AND INFORMATION FOR CLAIMANTS BEFORE YOU FILL OUT THIS FORM. THIS FORM SHOULD BE COMPLETED AND RETURNED TO U.S. CUSTOMS AND BORDER PROTECTION (CBP) AT: _5600 American Boulevard West, Suite 760, Bloomington, MN 55437._

I understand that property in which I have an interest has been seized by Homeland Security Investigations under case number 2019351200004401.

Check ONLY ONE (1) of the following choices:

☐ 1. **I REQUEST THAT CBP CONSIDER MY PETITION ADMINISTRATIVELY BEFORE FORFEITURE PROCEEDINGS ARE INITIATED.** My petition is attached. By making this request, I understand that I can request, in writing, that my case be referred for judicial forfeiture proceedings at any time prior to the completion of the administrative forfeiture proceedings or as set forth in the notice of seizure. If I choose to wait for an administrative decision on my petition, my deadline for filing a claim as required by Title 18 U.S.C. § 983(a)(2)(B) is 60 days from the date of the petition decision; or, if I choose to file a supplemental petition, my deadline for filing a claim as required by Title 18 U.S.C. § 983(a)(2)(B) is 60 days from the date of the supplemental petition decision. If I file a complete "Seized Asset Claim" form or other claim consistent with the requirements of Title 18 U.S.C. § 983(a)(2)(C), CBP consideration of my petition will stop and the case will be sent to the United States Attorney's Office for judicial forfeiture proceedings.

☐ 2. **I REQUEST THAT CBP CONSIDER MY OFFER IN COMPROMISE ADMINISTRATIVELY BEFORE FORFEITURE PROCEEDINGS ARE INITIATED.** My offer is attached. By making this request, I understand that I can request, in writing, that my case be referred for judicial forfeiture proceedings at any time prior to the completion of the administrative forfeiture proceedings or as set forth in the notice of seizure. If I choose to wait for an administrative decision on my offer, my deadline for filing a claim is 30 days from the date of the decision. If I file a complete "Seized Asset Claim" form or other claim consistent with the requirements of Title 18 U.S.C. § 983(a)(2)(C), CBP consideration of my offer will stop and the case will be sent for judicial forfeiture proceedings.

☐ 3. **I ABANDON ANY CLAIM OR INTEREST I MAY HAVE IN THE PROPERTY.** I understand that no additional notice about future proceedings concerning the property will be provided to me.

☒ 4. **I AM FILING A CLAIM AND REQUESTING THAT CBP REFER THE CASE FOR COURT ACTION.** Please send the case to the U.S. Attorney for court action. I have fully completed, signed and attached a "Seized Asset Claim" form. I understand that if I have not fully completed this form, or otherwise made a proper claim and request for judicial forfeiture pursuant to Title 18 U.S.C. § 983(a)(2)(C) within 35 days after the date the notice of seizure was mailed, CBP will treat any submission as a petition for relief without the ability to seek future judicial forfeiture proceedings.

Keyiana Moore                      6-18-19           REC'D FP&F
Name (Print)                       Date

_Keyie Moore_                                        JUN 19 2019
Signature                                     Customs & Border Protection
                                              Minneapolis, MN

(ATT 8-G: Revised November 2014)

06/18/2019 12:05PM FAX 4143543⎵         UPS                                    ☒ 0005/0006

## U.S. CUSTOMS AND BORDER PROTECTION
## CAFRA SEIZED ASSET CLAIM FORM

Name: __Keyiana Moore__        Case Number: __20193512000004401__
Address: __10125 West Kienau Avenue__   Telephone No: __( 414 ) 552-8577__
__Milwaukee, WI 53224__

**IMPORTANT: BE SURE TO COMPLETE ALL PARTS BELOW. THIS CLAIM FORM MUST BE SIGNED BY THE CLAIMANT HIS OR HER SELF, NOT BY THE ATTORNEY OR OTHER REPRESENTATIVE ACTING ON BEHALF OF THE CLAIMANT.**

As authorized by Title 18 U.S.C. § 983(a)(2)(A), I request that the Government file a complaint for forfeiture on the seized property described below:

### PART I

List all the items in which you claim an interest. Include sufficient information to identify the items, such as serial numbers, make and model numbers, aircraft tail numbers, photographs, and so forth. Attach additional sheets of paper if more space is needed.

Please see attached.

### PART II

State your interest in each item of property listed above. Attach additional sheets of paper if more space is needed.

Please see attached.

### PART III (ATTESTATION AND OATH)

I attest and declare *under penalty of perjury* that the information provided in support of my claim is true and correct to the best of my knowledge and belief.

__Keyiana Moore__                       __6-18-19__
Name (Print)                             Date   REC'D FP&F

__/s/ Keyiana Moore__                    JUN 19 2019
Signature                                Customs & Border Protection
                                         Minneapolis, MN

A FALSE STATEMENT OR CLAIM MAY SUBJECT A PERSON TO PROSECUTION UNDER TITLE 18 U.S.C. § 1001 AND/OR TITLE 18 U.S.C § 1621 AND IS PUNISHABLE BY A FINE AND UP TO FIVE YEARS IMPRISONMENT.

(ATT 8-H: Revised November 2014)

06/18/2019 12:04PM FAX 4143543      UPS                      ☏ 0002/0006

John S. Berry, P.C., L.L.O.
Andrew D. Strotman
Christopher M. Ferdico
Kathleen S. Pallesen
Chad J. Wythers
William Harris
Susan M. Napolitano
David Tarrell
F. Matthew Aerni
Justin B. Kalemkiarian
Jerusha L. Hancock
Neely Fedde



# BERRY LAW

6940 "O" St., Suite 400 • Lincoln, Nebraska 68510
Phone (402) 466-8444 • Fax (402) 466-1793
jsberrylaw.com

With offices in Omaha and Seward

Joseph J. Donnelly
Erik Fern
Cameron Kroeger
Stephani M. Bennett
Patricia Wenzl
Seth W. Morris
Hannah Carroll-Altman

John Stevens Berry Sr.
Suzanne D. McNamara
- Of Counsel -

June 18, 2019

U.S. Customs and Border Protection
ATTN: FP&F Officer
5600 American Boulevard West
Suite 760
Bloomington, MN 55437

RE:    Case Number: 2019351200004401
         Property: $ 49,020.00 U.S. Currency
         Asset Value: $ 49,020.00
         Seizure Date: 04/19/2019
         Seizure Place: In the vicinity of Mile Marker 391, Interstate 80, Lancaster County, Nebraska
         Owner Name: Moore, Keyiana
         Seized From: Moore, Keyiana
         Judicial District: District of Nebraska

## CLAIM OF INNOCENT PROPERTY OWNER CONTESTING FORFEITURE

To whom it may concern:

I am claiming the $49,020.00 cash taken from me in Lincoln, Nebraska on April 19, 2019. The cash I was traveling with was not intended for any criminal activity. This cash was earned lawfully through my employment at TNT Gentleman's Club, Concentrix, and Spectrum. Further, the amount of money that I was travelling with was actually $50,000.00, not $49,020.00.

I declare, certify, verify and/or state, under the penalty of perjury, that the foregoing is true and correct:

I am the rightful owner of seized property. I am requesting that I be permitted to recover my money immediately.

Date Executed: 6-18-2019

REC'D FP&F
JUN 19 2019
Customs and Border Protection
Minneapolis, MN

Respectfully submitted,
Keyiana Moore

SUBSCRIBED AND SWORN to before me this 18 day of June, 2019

Notary Public

SHAMIKA L. HARRIS
NOTARY PUBLIC
STATE OF WISCONSIN
Exp. 3/26/2021